UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HAROLD STEVEN JACKSON, | Civil No. 11-2670 (JNE/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| SCOTT FISHER, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.     BACKGROUND**

In 2002, Petitioner was prosecuted in the United States District Court for the District of Maryland for being a felon in possession of a firearm. He pled guilty to that offense, and he was sentenced to 37 months in prison and three years of supervised release. Final

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

judgment was entered in that case on April 29, 2003.[2]

By 2006, Petitioner had completed his prison term, but he was still on supervised release. In May 2006, the Government filed a petition in the trial court asking that Petitioner's supervised release be revoked. The Government alleged that Petitioner had violated the terms of his supervised release by (1) possessing a handgun, (which he allegedly tried to throw away while fleeing from the police), (2) burglarizing the home of his ex-girlfriend, and (3) stalking and harassing his ex-girlfriend.[3]

In 2007, the Maryland trial court conducted a hearing on the revocation petition, and found that Petitioner had indeed violated the terms of his supervised release. A new judgment was entered in the case in April 2007, which revoked Petitioner's supervised release, and returned him to prison for another 24 months. Petitioner challenged that new judgment in an appeal taken to the Fourth Circuit Court of Appeals. In that appeal, Petitioner argued that (1) he had been denied due process, because he was not given an opportunity to see the warrant for his arrest, (2) the trial court wrongly evaluated the severity of his supervised release violations, and (3) the hearing on the alleged violations was unreasonably delayed. The Court of Appeals rejected all of Petitioner's arguments, and upheld the new 24-month prison term that was imposed by the trial court. United

---

[2] The trial court docket sheet for Petitioner's Maryland federal criminal case is accessible to the Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal judiciary. Much of the background information recited here has been derived from the record in the Maryland case.

[3] The first allegation, pertaining to the alleged possession of a handgun, precipitated a new federal criminal charge against Petitioner for being a felon in possession of a firearm. He later pled guilty to that new charge, and he was sentenced to an additional 87 months in prison. Petitioner has attempted to challenge that 87-month sentence in another § 2241 habeas corpus petition that he recently filed in this District – Jackson-Bey v. Fisher, Civil No. 11-2758 (JNE/JSM). This Court has recommend that Petitioner's other habeas corpus petition should be summarily dismissed, for reasons similar to those that require the present petition to be dismissed.

States v. Jackson, 295 Fed.Appx. 592 (4th Cir. 2008) (unpublished opinion).

After Petitioner's appeal was complete, he did not seek any further post-conviction review in the trial court under 28 U.S.C. § 2255, or otherwise.[4] However, in the present habeas corpus case, Petitioner is once again attempting to challenge the judgment that revoked his supervised release and imposed a new 24-month prison term. Here, Petitioner contends that he was denied his Sixth Amendment right to confront his accuser, (namely his ex-girlfriend), during the hearing on his supervised release revocation. He further contends that he was deprived of his constitutional right to effective assistance of counsel, because his attorney did not protect his Sixth Amendment rights during the revocation proceedings. (Petition, p. 3, § (9).) However, the Court finds that Petitioner cannot challenge his supervised release revocation in his current § 2241 habeas corpus petition.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or

---

[4] No further proceedings are identified on the trial court record, (see n. 2, supra), and Petitioner's current habeas corpus petition confirms, (at least implicitly), that he did not file a § 2255 motion. (Petition, [Docket No. 1], p. 4, § (14).)

3

sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner is challenging the revocation of his supervised release, which occurred in the District of Maryland in 2007. Petitioner claims that he was deprived of his constitutional right to confront his accusers, as well as his constitutional right to effective assistance of counsel. The Court recognizes that Petitioner is not challenging the original sentence imposed by the Maryland trial court, but rather, he is challenging the trial court's later decision to revoke his supervised release, and impose a new 24-month prison term. However, the § 2255 exclusive remedy rule is still applicable here, because Petitioner is challenging a sentencing judgment entered by the trial court. Petitioner is challenging the imposition of his sentence by the trial court, rather than the execution of his sentence by the Bureau of Prisons. Therefore, the trial court's decision to revoke Petitioner's supervised release, and to impose a new 24-month prison term, was reviewable by means of a § 2255 motion. See United States v. Schoeneweis, 190 Fed.Appx. 479, 481 (7th Cir. 2006)

(unpublished opinion) (claim of ineffective assistance of counsel during revocation proceedings could be raised in a § 2255 post-conviction petition); United States v. Garner, 133 Fed.Appx. 319, 321 (7th Cir. 2005) (unpublished opinion) (same); Littlejohn v. Mitchell, C/A No. 2:10-00843-RBH-RSC (D.S.C. 2010), 2010 WL 1737113 at *1 ("'courts have held that a prisoner challenging the revocation of supervised release must filed his motion under § 2255'") (citations omitted).  Because Petitioner is directly challenging the trial court's adjudication of his sentence, his current § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.  See Oatneal v. United States, No. 06-CV-331-JMH (E.D.Ky. 2006), 2006 WL 2927513 at *2 (prisoner could not challenge revocation of supervised release in a § 2241 habeas corpus proceeding, without showing that the remedy provided by § 2255 was inadequate or ineffective); Gaines v. Kastner, No. 5:06cv229 (E.D.Tex. 2007), 2007 WL 2021743 (unless the savings clause applies, a prisoner seeking post-conviction review of an order revoking supervised release must file a § 2255 motion in the court that entered the revocation order).

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  In this case, however, Petitioner is precluded from seeking relief under § 2255 because of the one-year statute of limitations that applies to § 2255 motions.  28 U.S.C. § 2255(f).  If Petitioner were to file a § 2255 motion at this late date, it clearly would be time-barred.  Therefore, it would not be appropriate to construe the present § 2241 petition to be a § 2255 motion, and then transfer this matter to the trial court.

Moreover, it appears that Petitioner deliberately elected to bring his current claims in a § 2241 habeas corpus petition, because he knows he is barred from seeking relief under § 2255. Perhaps Petitioner believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge the revocation of his supervised release in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255 (due to the one-year statute of limitations). That reasoning, however, must be rejected.

The statute of limitations would be rendered meaningless if a prisoner who is time-barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the one-year statute of limitations to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause,

6

because he had a reasonable opportunity to raise his current claims for relief in a timely § 2255 proceeding. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims in a timely § 2255 motion in the trial court. As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Again, Petitioner had an opportunity to raise his current claims for relief in a § 2255 motion. He cannot now claim that the remedy provided by § 2255 is inadequate or ineffective simply because he failed to make use of that remedy in a timely manner.

The Court has not overlooked Petitioner's reference to Bullcoming v. New Mexico, 131 S.Ct. 2705 (2011), which was not handed down until after Petitioner's supervised release was revoked, and after the deadline for filing a timely § 2255 motion. However, Bullcoming does not change the analysis of Petitioner's current § 2241 habeas corpus petition, because that decision does not represent any new and previously unavailable legal rule. In Bullcoming, the Supreme Court held that a state criminal defendant has a Sixth Amendment right to cross-examine a scientist who produces a forensic laboratory report that is used as evidence against the defendant.[5] Bullcoming did not overturn any existing legal rule or precedent that was used against Petitioner during his supervised release

---

[5] The defendant in Bullcoming was convicted of driving while intoxicated. A blood alcohol analysis was used to convict him. The Supreme Court overturned the conviction, because the defendant was not permitted to cross examine the scientist who prepared the blood alcohol analysis report.

revocation proceedings. Nor does Bullcoming add any significant new support for Petitioner's current grounds for relief. The Sixth Amendment arguments that Petitioner is attempting to bring here are not dependent on Bullcoming; those arguments could have been raised in a timely § 2255 motion without the support of Bullcoming. Therefore, Petitioner's citation to Bullcoming does not make the savings clause applicable here.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the 2007 revocation of his supervised release in the District of Maryland; (2) the only proper post-conviction remedy for Petitioner's current claims is a motion filed in the trial court under 28 U.S.C. § 2255 – unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is presently barred from seeking relief under § 2255 by reason of the one-year statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective," thereby excusing him from § 2255's exclusive remedy rule; and (5) because Petitioner had an adequate procedural opportunity to present his current claims in a timely § 2255 motion, he cannot bring his claims in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241

8

petition").

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated:   October 6, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 21, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.